UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
DWANYNE JOHNSON, REGINA WHITE,                )
MAKIA WHITE, AND DWAYNE JOHNSON, JR.           )
                                              )
            *Plaintiffs*                       )
                                              )
v.                                             )
                                              )
LAWRENCE CELESTER AS POLICE OFFICER            )   CIVIL ACTION NO.:
OF THE CITY OF BOSTON AND                      )
INDIVIDUALLY, AND                              )
LYNWOOD JENKINS AS POLICE                      )
OFFICER OF THE CITY OF BOSTON                  )
AND INDIVIDUALLY, AND THE CITY OF              )
BOSTON,                                        )
                                              )
            *Defendants*                       )
_____   )

## COMPLAINT AND JURY CLAIM

### INTRODUCTION

    1.    This is a civil rights lawsuit brought by the Plaintiffs Dwayne Johnson, Regina White, Makia White and Dwayne Johnson, Jr., who are victims of police misconduct. On or about July 24, 2009 the Defendants Lawrence Celester and Lynwood Jenkins, who are Boston police officers attacked the Plaintiffs and used excessive force without justification. Defendant Celester grabbed Makia White by the arms without reason, twisted her arms and throwing her to the ground fracturing her arm. Regina White, mother of Makia White, was pushed by Defendant Celester when she asked to know what has happened. Defendant Celester threatened to arrest her if she didn't go back to her home. During the altercation Defendant Jenkins struck Dwayne Johnson and Dwayne Johnson, Jr. in their legs with his baton causing them injury and severe pain. The Defendants' actions are in violation of the Constitutional and statutory rights of the Plaintiffs. Compensatory and punitive damages are sought against the Defendant police officers involved in the brutality for Plaintiffs' personal injuries, pain, and suffering and

also the violations of Plaintiff's civil rights under the Federal Civil Rights Statutes and the Massachusetts Civil Rights Statutes.

Plaintiffs' injuries were also caused by the Defendant, City of Boston's policies and customs of failing to take action before this incident to properly supervise and discipline its police officers in general and Defendant Celester in particular.

TRIAL BY JURY IS DEMANDED.

### I.  JURISDICTION AND VENUE

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of the causes of action under 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue is proper under 28 U.S.C. § 1391 in that the Defendants and Plaintiff reside and the cause of action arises in the District of Massachusetts.

### II.  PARTIES

5. The Plaintiff, Regina White ("Regina") is an adult individual who resident in Dorchester, Suffolk County, Massachusetts.

6. The Plaintiff, Dwayne Johnson is an adult individual who resides in Dorchester, Suffolk County, Massachusetts.

7. The Plaintiff, Makia White ("Makia") is an adult individual who resides in Dorchester, Suffolk County, Massachusetts.

8. The Plaintiff, Dwayne Johnson, Jr. is an adult individual who resides in Dorchester, Suffolk County, Massachusetts.

9. The Defendant, Lawrence Celester (hereinafter "Defendant, Celester") is a police officer employed by the City of Boston, Massachusetts with a usual place of business of Boston Police Department, District B-2, 170 Hancock Street, Dorchester, Massachusetts and for all times material to this Complaint, was a duly appointed officer employed by Boston Police Department. The Defendant's actions alleged in this Complaint were taken under the color of law of the Commonwealth of Massachusetts and the City of Boston. Defendant is also being sued in his individual capacity.

10. The Defendant, Lynwood Jenkins (hereinafter "Defendant, Jenkins") is an adult police officer employed by the City of Boston, Massachusetts with a usual place of business of Boston Police Department, District B-2, 170 Hancock Street, Dorchester, Massachusetts and for all times material to this Complaint, was a duly appointed police officer employed by the Boston Police Department and continues to be so employed. The Defendant's actions alleged in this Complaint were taken under the color of law of the Commonwealth of Massachusetts and the City of Boston. Defendant is also being sued in his individual capacity.

11. Defendant City of Boston is a duly organized city in the Commonwealth of Massachusetts and the employer of the Defendant police officers.

### III. FACTS

12. On July 24, 2009, Makia, who was eighteen (18) years, was sitting on the front steps of an apartment building on Joel Smith Way in Dorchester Massachusetts down the street from where she lives with her then sixteen (16) year old brother Dwayne Johnson, Jr. and other individuals.

13. At approximately 8:00pm an unmarked Boston Police Department cruiser stopped on Joel Smith Way directly in front of where Makia and Dwayne Johnson, Jr. were sitting.

14. Defendants Celester and Jenkins exited the cruiser and approached Makia, Dwayne Johnson, Jr. and other individuals demanding identification and other information.

15. Makia and the other individuals felt very uncomfortable when the Defendants approached them.

16. Defendants Celester and Jenkins told Dwayne Johnson, Jr. that he had an outstanding warrant and that they were going to arrest him. Makia told the Defendants that her brother has never been in trouble and that he did not have a warrant for his arrest. Defendant Celester said to Makia "Mind your fucking business".

17. Makia then pulled out her cell phone and called her mother, Regina White. Makia walked away and waited for her mother to answer the telephone call.

18. Defendant, Celester yelled at Makia to get off the phone. Defendant Celester began to follow Makia on foot. Makia turned around while on the cell phone and saw Defendant Celester coming toward her in a quick fashion.

19. Defendant Celester grabbed Makia by her left forearm twisting it with great force. He yelled "get off the fucking phone" and "shut the fuck up". Makia had her cell phone up to her ear with her right hand. Defendant Celester then tried to grab Makia's right arm at which time Makia began screaming into the cell phone "Mom. Help! Help! Get him off me! Get him off me!"

20. Defendant Celester then slammed Makia to the pavement ground and began grabbing at her and physically assaulting Makia. Defendant Celester grabbed Makia by both arms twisting and pulling her.  Makia was in immense pain from Defendant, Celester's actions.

21. Regina, who was home doing house hold chores, answered the phone call from Makia and heard Makia screaming "Mom. Help! Help! Get him off me! Get him off me!" into the phone.  Regina tried to talk to Makia and the phone call ended abruptly.

22. Regina ran outside of her apartment and observes a large man wearing blue jeans and a black t-shirt kneeling on top of Makia, who is down on the pavement at the corner of Joel Smith Way and Washington Street.  This large man was Defendant Celester.

23. Regina ran over to aid her daughter, and screamed for Makia's father, Dwayne Johnson, who was nearby to help.  She yelled "What is going on?" "Get off my daughter" as she ran toward Makia.

24. Mr. Johnson ran to this scene and upon seeing this large man in jeans and a black t-shirt on top of his daughter grabbing at her and twisting her arm, grabs the man around the shoulder area.  At this time Defendant Celester yells "I'm the Police" and Mr. Johnson immediately lets go of Defendant Celester.

25. After discovering that Defendant Celster was a police officer Mr. Johnson took several steps backwards and away from Defendant Celester with his hands up and palms facing outward.

26. While Mr. Johnson was standing several feet away from Defendant Celester, Defendant Jenkis ran behind Mr. Johnson and struck Mr. Johnson in the leg

with a baton with great force that it caused Mr. Johnson's leg to buckle and him to fall to the pavement. Mr. Jonson was in extreme pain from Defendant Jenkin's strike with the baton.

27. Defendant Jenkins then stood over Mr. Johnson threatening to strike him again with the baton.

28. Defendant Jenkins also struck Dwayne Johnson, Jr. in the leg and began pushing Dwayne Johnson Jr. with the baton.

29. Defendant Celester handcuffed Makia, he got up off the ground and grabbed Makia by the hair and arm and dragged Makia on her butt approximately ten (10) feet on the pavement to the police cruiser.  He then picked her up and slammed her on top of the police cruiser.

30. At this time Regina White was asking Defendant Celester to tell her what had happened.  Regina pleaded with Defendant Celester to stop being so physically rough with Makia and told Defendant Celester that he was hurting Makia.

31. Defendant Celester pushed and screamed at Regina "Get back in your fucking house or I'll arrest you!" numerous times.

32. Makia was placed in the police cruiser and transported to the police station.

33. At all times during the events described above, the Defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

34. The Defendant City of Boston employed the Defendants and maintained policies and customs of failing to properly investigate complaints of police misconduct against Defendant Celester and failed to properly supervise and/or discipline Defendant Celester.

35. The Defendant, City of Boston's policies and customs maintained contributed to the injuries sustained by the Plaintiffs.

## IV.   CAUSES OF ACTION

### COUNT I

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
Against Defendant Celester and Jenkins

36. The Plaintiffs restate and incorporates herein by reference allegations 1 through 35 as though specifically set forth herein.

37. Defendants, Celester and Jenkins, at all times material hereto, were acting within their capacities as police officers and thus under the color of law.

38. Defendants' actions were intentional, reckless and callously indifferent to the Plaintiff's federally protected rights. Defendants deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Specifically, the force utilized by Defendants were excessive and, thus, constituted an unreasonable seizure of Plaintiffs in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

39. The Defendants' actions also constituted an unlawful deprivation of Plaintiffs' liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

40. Defendants' acts were the proximate cause of the physical and emotional injuries and consequent damages sustained by the Plaintiff.

41. The Plaintiffs have been severely damaged by the violation of his civil rights and hereby claims actual as well as punitive and statutory damages, attorney's fees, costs and expenses.

42. WHEREFORE the Plaintiffs demands as follows:

   a. Judgment enter in favor of the Plaintiff;

   b. An award of damages for Plaintiffs' pain and suffering as determined by the Court;

   c. An award of punitive damages pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's federally protected constitutional rights as determined by the Court;

   d. An award of interest, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

   e. Such other and further relief as this Court deems meet and just.

## COUNT II

**FEDERAL CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)**
**FAILURE TO INTERVENE AND/OR REPORT MISCONDUCT**
Against Defendant Jenkins

43. The Plaintiffs restate and incorporates herein by reference allegations 1 through 42 as though specifically set forth herein.

44. On July 24, 2009 Defendant Jenkins witnessed the Defendant Celester beat and otherwise use excessive force upon the Plaintiff, Makia White.

45. The Defendant Jenkins failed to intervene to stop Defendant Celester from assaulting, beating and using excessive force against Plaintiff, Makia White.

46. Notwithstanding his observations of the use of excessive force on the part of the Defendant Celester, the Defendant Jenkins covered up the misconduct of Defendant, Celester by failing to report the same.

47. As the direct and proximate result of the intentional, deliberately indifferent and/or gross negligent conduct of the Defendant Jenkins, Plaintiff, Makia White has been deprived of her constitutional and statutory rights guaranteed by the Fourth, Fifth, Sixth and due process rights under the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, has suffered serious physical injuries, and incurred financial losses.

48. WHEREFORE the Plaintiffs demand as follows:

a. Judgment enter in favor of the Plaintiff;

b. An award of damages for Plaintiff's pain and suffering as determined by the Court;

c. An award of punitive damages pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's federally protected constitutional rights as determine by the Court;

d. An award of interest, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

e. Such other and further relief as this Court deems meet and just.

# COUNT III

**VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT (M.G.L. c. 12, §§ 11H AND 11I)**
Against Defendants Celester and Jenkins

49. The Plaintiffs restate and incorporates herein by reference allegations 1 through 48 as though specifically set forth herein.

50. Plaintiffs' exercise and enjoyment of his Fourth and Fourteenth Amendment rights secured by the Constitution of the United States and his civil rights secured by the Commonwealth of Massachusetts have been interfered with and attempted to be interfered with by Defendants.

51. Defendants' interference with Plaintiff's constitutionally protected rights was carried out by threats and intimidation.

52. WHEREFORE the Plaintiff demands as follows:

a. Judgment enter in favor of the Plaintiff;

b. An award of compensatory monetary damages under M.G.L. c. 12, § 11I as determined by the Court;

c. An award of interest, costs, and reasonable attorney's fees; and

e. Such other and further relief as this Court deems meet and just.

# COUNT IV

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
Against Defendant City of Boston

53. The Plaintiffs restate and incorporates herein by reference allegations 1 through 52 as though specifically set forth herein.

54. Prior to July 24, 2009 the Defendant City of Boston employed policies and customs, which exhibited a deliberate indifference to the constitutional rights of the citizens of the City of Boston, which caused the violations of the Plaintiffs' rights.

55. It was the policies and customs of the Defendant, City of Boston's to inadequately and improperly investigate citizen's complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Boston.

56. It was the policies and customs of the Defendant City of Boston to inadequately supervise and train its police officers, including Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The Defendant, City of Boston did not require appropriate re-training of officers who were known to have engaged in police misconduct.

57. As a result of the above described policies and customs, Defendant police officers of the City of Boston believed that their actions would not be properly monitored by supervisory officers and that misconduct would nto be investigated or sanctioned, but would be tolerated.

58. The above described policies and customs of the Defendant City of Boston demonstrated a deliberate indifference on the part of policymakers of the City of Boston to the constitutional rights of persons within the City of Boston, and were the cause of the violations of plaintiffs' rights alleged herein.

    a.    Judgment enter in favor of the Plaintiffs;

    b.    An award of compensatory damages for Plaintiffs' injuries;

    c.    An award of punitive damages pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's federally protected constitutional rights as determined by the Court;

d. An award of interest, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

e. Such other and further relief as this Court deems meet and just.

## COUNT V
### ASSAULT & BATTERY
Against Defendants, Celester & Jenkins

59. The Plaintiff restates and incorporates herein by reference allegations 1 through 58 as though specifically set forth herein.

60. Defendants intentionally threatened to cause harm to the person of Plaintiffs and did apply unreasonable, unprivileged force upon the Plaintiffs.

61. As a result of Defendants' threats and actions Plaintiffs were put in reasonable fear of imminent bodily harm.

62. Defendants did make a harmful unpermitted contact with the person of Plaintiffs.

63. As a result of being battered by Defendants, Plaintiffs has been severely damaged as to his expenses, humiliation, indignity, and injury to his person and emotions.

64. As a result of being assaulted by Defendants, Plaintiffs have been severely damaged as to his expenses, humiliation, indignity, and injury to his person and emotions.

65. WHEREFORE the Plaintiffs demand as follows:

a. Judgment enter in favor of the Plaintiff;

b. An award of damages for assault as determined by the Court;

c.   An award of interest, costs, and reasonable attorney's fees; and

e.   Such other and further relief as this Court deems meet and just.

## V.   CLAIMS FOR RELIEF

66.   Plaintiff requests that this Court assume jurisdiction over this cause, grant him compensatory and punitive damages, costs and attorney's fees, and award all other proper relief.

## VI.   JURY TRIAL DEMAND

67.   Plaintiffs hereby demand trial by jury.

          Respectfully Submitted:
          Plaintiffs, Makia White, Regina White,
          Dwayne Johnson, Dwayne Johnson, Jr.
          By Their Attorneys:

*/s/ Charles S. Pappas*

Charles S. Pappas, Esquire
(BBO# 663281)
MAHANEY & PAPPAS, LLP
639 Concord Street
Framingham, MA 01702
Tel: 508.879.3500
Fax: 508.879.3501
Email: cpappas@lawofficemp.com

*/s/ Charles S. Pappas*

Joseph M. Mahaney, Esquire
(BBO# 549042)
MAHANEY & PAPPAS, LLP
639 Concord Street
Framingham, MA 01702
Tel: 508.879.3500
Fax: 508.879.3501
Email: jmahaney@lawofficemp.com

Date:   July 23, 2012